```
 1  CALDARELLI HEJMANOWSKI & PAGE LLP
    William J. Caldarelli (SBN #149573)
 2  12340 El Camino Real, Suite 430
    San Diego, CA 92130
 3  Tel: (858) 720-8080
    Fax: (858) 720-6680
 4  wjc@chplawfirm.com

 5  FABIANO LAW FIRM, P.C.
    Michael D. Fabiano (SBN #167058)
 6  12526 High Bluff Drive, Suite 300
    San Diego, CA 92130
 7  Telephone: (619) 742-9631
    mdfabiano@fabianolawfirm.com
 8
    OSBORNE LAW LLC
 9  John W. Osborne (Pro Hac Vice App. Pending)
    33 Habitat Lane
10  Cortlandt Manor, NY 10567
    Telephone: (914) 714-5936
11  josborne@osborneipl.com

12  WATTS LAW OFFICES
    Ethan M. Watts (SBN #234441)
13  12340 El Camino Real, Suite 430
    San Diego, CA 92130
14  Telephone: (858) 509-0808
    Facsimile: (619) 878-5784
15  emw@ewattslaw.com

16  Attorneys for Plaintiff Ameranth, Inc.
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.<br><br>Plaintiff,<br><br>v.<br><br>SEAMLESS NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 12-cv-0737-JLS-NLS<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ameranth, Inc., for its First Amended Complaint against defendant Seamless North America, LLC ("Seamless"), avers as follows:

## PARTIES

1. Plaintiff Ameranth, Inc. ("Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121. Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, and 21st Century Restaurant™, among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

2. Defendant Seamless North America, LLC ("Seamless") is, on information and belief, a Delaware limited liability company having a principal place of business in New York, New York. On information and belief, Seamless makes, uses, offers for sale or license and/or sells or licenses restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including the Seamless Ordering System as defined herein.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant engages in (a) the offer for sale or license and sale or license of hospitality, restaurant, food service, ordering, products and/or components in the United States, including this Judicial District, including services, products, software, and components, comprising wireless and internet POS and/or hospitality aspects; (b) the

2

installation and maintenance of said services, products, software, components and/or systems in hospitality industry, restaurant, food service, and/or entertainment information technology systems in the United States, including this Judicial District; and/or (c) the use of hospitality industry, restaurant, food service, and/or entertainment information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

6. This Court has personal jurisdiction over Defendant because Defendant commits acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing services, products, software, components and/or systems in this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

8. Ameranth was established in 1996 to develop and provide its 21st Century Communications™ innovative information technology solutions for the hospitality industry (inclusive of, e.g., restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment and sports venues). Ameranth has been widely recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues. Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

9. Ameranth began development of the inventions leading to the patent-in-suit and the other patents in this patent family in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality,

were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived and developed its breakthrough inventions and products to provide systemic and comprehensive solutions directed to optimally meeting these industry needs. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

10. Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's solutions have been adopted, licensed and/or deployed by numerous entities across the hospitality industry.

11. The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions. Ameranth has received twelve different technology awards (three with "end customer" partners) and has been widely recognized as a hospitality wireless/internet technology leader by almost all major national and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today and many others. Ameranth was personally nominated by Bill Gates, the Founder of Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001 for its breakthrough synchronized reservations/ticketing system with the Improv Comedy Theatres. In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of information technology for the betterment of mankind." This prestigious award was based on Ameranth's innovative synchronization of wireless/web/fixed hospitality software technology. Subsequently, the United States Patent and Trademark Office granted Ameranth a number of currently-issued patents, two of which are the basis for this lawsuit. Ameranth has issued press releases announcing these patent grants on business wires, on its web sites and at numerous trade shows attended by various of the Defendants since the first of the two presently-asserted

4

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

patents issued in 2002. A number of companies have licensed patents and technology from Ameranth, recognizing the value of Ameranth's innovations.

**RELATED CASE PREVIOUSLY FILED**

12. The Ameranth patent asserted herein, U.S. Patent No. 8,146,077 (the "'077 patent"), is the fourth patent to issue in Ameranth's "Information Management and Synchronous Communications" patent family.

13. Ameranth is also currently asserting eight claims of the first three of its patents in a separate litigation pending in this Court (*Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-01810-JLS-NLS) against several parties, including Seamless.

**COUNT I**

**Patent Infringement (U.S. Pat. No. 8,146,077)**

**(35 U.S.C. § 271)**

14. Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-14 above as if fully set forth herein.

15. On March 27, 2012, United States Patent No. 8,146,077 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as **Exhibit A** and incorporated herein by reference) was duly and legally issued by the United States Patent & Trademark Office.

16. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '077 patent.

17. On information and belief, Defendant directly infringes and continues to directly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to: (a) The Seamless ordering system/product/service, which includes, inter alia, wireless and internet POS integration, online and mobile ordering, integration with e-mail and affinity program and social media applications such as Facebook,

5

Twitter, Groupon, and YouTube, and/or other third-party web-based applications, and other hospitality aspects ("Seamless Ordering System"); and (b) The Menupages system/product/service, which includes, inter alia, configuring and transmitting menus, online and mobile ordering (via integration with the Seamless Ordering System), integration with e-mail and affinity program and social media applications such as Facebook, Twitter, Groupon, and YouTube, and/or other third-party web-based applications, and other hospitality aspects ("Menupages System").

18. On information and belief, the Seamless Ordering System, the Menupages System, and each of them, as deployed and/or used at or from one or more locations by Seamless, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent, by, *inter alia*, enabling ordering and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one database, wireless handheld computing devices, and at least one Web server and Web page; utilizing communications control software enabled to link and synchronize hospitality information between at least one database, wireless handheld computing device, and web page, to display information on web pages and on different wireless handheld computing device display sizes, and to allow information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one database and to Web pages.

19. On information and belief, Defendant indirectly infringes, as of the date of filing and/or service of this complaint, one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

20. On information and belief, customers of Seamless, including consumers and restaurant operators, use the Seamless Ordering System, the Menupages System, and each of them in a manner that infringes upon one or more valid and enforceable claims of the '077 patent. Seamless provides instruction and direction regarding the use of the Seamless Ordering System, the Menupages System, and each of them, and advertises, promotes, and encourages the use of the Seamless Ordering System, the Menupages System, and each of them.

21. On information and belief, Defendant actively induces others to infringe the '077 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting customers of Seamless, including consumers and restaurant operators, to use the infringing Seamless Ordering System, Menupages System, and each of them, in the United States without authority or license from Ameranth.

22. On information and belief, Defendant contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent.

23. By distributing, selling, offering, offering to sell or license and/or selling or licensing the Seamless Ordering System, the Menupages System, and each of them, Defendant provides non-staple articles of commerce to others for use in infringing systems, products, and/or services. Additionally, Seamless provides instruction and direction regarding the use of the Seamless Ordering System, the Menupages System, and each of them and advertises, promotes, and encourages the use of the Seamless Ordering System, the Menupages System, and each of them. Users of the Seamless Ordering System, the Menupages System, and each of them directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

24. On information and belief, the Seamless Ordering System, the Menupages System, and each of them, infringes one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

25. If Defendant does not cease and desist the aforesaid infringing activities, and instead continues to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

26. The aforesaid infringing activity of Defendant directly and proximately causes damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Ameranth respectfully prays for judgment against Defendant, as follows:

1. Adjudging that the manufacture, use, offer for sale or license and /or sale or license of the Seamless Ordering System, the Menupages System, and each of them, infringes valid and enforceable claims of the '077 patent, as set forth hereinabove;

2. Adjudging that Defendant has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '077 patent, as set forth hereinabove;

3. If Defendant does not cease and desist the aforesaid infringing activities and instead continues to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this Complaint, adjudging that Defendant's infringement of the valid and enforceable claims of the '077 patent has been knowing and willful;

4. Enjoining Defendant, and its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with Defendant, and their successors and assigns, from infringing,

contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '077 patent;

5. Awarding Ameranth the damages it has sustained by reason of Defendant's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

6. If Defendant does not cease and desist the aforesaid infringing activities and instead continues to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this Complaint, awarding Ameranth increased damages of three times the amount found or assessed against Defendant by reason of the knowing, willful and deliberate nature of Defendant's acts of infringement pursuant to 35 U.S.C. § 284;

7. Adjudging this to be an exceptional case and awarding Ameranth its attorney's fees pursuant to 35 U.S.C. §285;

8. Awarding to Ameranth its costs of suit, and interest as provided by law; and

9. Awarding to Ameranth such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ameranth demands trial by jury of its claims set forth herein to the maximum extent permitted by law.

Respectfully submitted,

Dated: May 14, 2012

CALDARELLI HEJMANOWSKI & PAGE LLP

By: /s/ William J. Caldarelli
William J. Caldarelli

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff AMERANTH, INC.**

9

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT